IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| TUAN THAT TON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 4:24-cv-111-CDL-AGH |
| | : | 28 U.S.C. § 2241 |
| Warden, STEWART DETENTION CENTER, | : | |
| | : | |
| | : | |
| Respondent. | : | |

# RECOMMENDATION OF DISMISSAL

The Court received Petitioner's *pro se* application for habeas corpus relief under 28 U.S.C. § 2241 on August 2, 2024 (ECF No. 1). Before the Court is Respondent's motion to dismiss, which was filed on August 28, 2024 (ECF No. 5). In his habeas application, Petitioner seeks release from Respondent's custody. Pet. 6, ECF No. 1. In support of his motion to dismiss, Respondent filed a copy of the order of supervision showing Petitioner was granted supervised release on August 23, 2024. Mot. to Dismiss Ex. A, ECF No. 5-1. Because Petitioner has been released from his custody, Respondent now contends that Petitioner's pending habeas application is moot and should be dismissed as such. Mot. to Dismiss 1-2, ECF No. 5. The Court agrees and recommends dismissal of this case as moot.

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (alteration in original). "If events that occur

subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336 (citation omitted).

Here, Petitioner sought an order granting him a writ of habeas corpus and release from detention. Pet. 6. Petitioner has been released from Respondent's physical custody.[1] Mot. to Dismiss Ex. A. Furthermore, Petitioner is not contesting the conditions of his supervised release such that this Court could maintain jurisdiction over his habeas petition. S*ee Alvarez v. Holder*, 454 F. App'x 769, 772 (11th Cir. 2011); *see also* Mot. to Dismiss Ex. A at 1, 3. Since the Court can no longer give Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336 (citation omitted).

Consequently, the Court **RECOMMENDS** that Respondent's motion to dismiss (ECF No. 5) be **GRANTED** and Petitioner's application for habeas corpus relief (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** to his right to file a new § 2241 petition in the future if a change in his circumstances occurs. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. *See* M.D. Ga. L.R. 7.4. The district judge shall make

---

[1] The Court notes that Petitioner has been released under an Order of Supervision and so, while no longer in the physical custody of Respondent, Petitioner remains in the legal custody of Respondent as "the Supreme Court has found that the in custody requirement is satisfied where restrictions are placed on a petitioner's freedom of action or movement." *Alvarez v. Holder*, 454 F. App'x 769, 772 (11th Cir. 2011) (citations omitted).

a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 8th day of November, 2024.

                                          s/ *Amelia G. Helmick*
                                          UNITED STATES MAGISTRATE JUDGE